UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| EZEKIEL DAVIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1375-HE |
| AMBER MARTIN et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Ezekiel Davis is a state prisoner appearing pro se in this 42 U.S.C. § 1983 civil rights action. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the following reasons, it is recommended that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) be denied and that this conditionally filed action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty-one days from the date of any order adopting this Report and Recommendation.

*I.    Background*

Plaintiff is incarcerated at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma, a private facility operated by GEO Group Inc. ("GEO"). Plaintiff asserts claims against various GEO and LCF employees as well as the Oklahoma Department of Corrections ("ODOC") Inspector General and the director of a health care company that contracts with GEO. *See* Compl. (Doc. No. 1) at 1-2, 3-4. Plaintiff asserts that he was deprived of his constitutional rights due to: (i) an alleged sexual assault by a female LCF

employee in October 2016; (ii) after reporting the assault, receipt of a "false misconduct" for possessing contraband, which resulted in an incident where excessive force was used in applying handcuffs and placement in segregated housing; (iii) improper opening of mail that he sent to the ODOC inspector general, in violation of ODOC policy. *Id.* at 2, 5-23.

## II. The Prison Litigation Reform Act

Prisoners who wish "to bring a civil action . . . without prepayment of fees or security therefor" must seek leave to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act ("PLRA") and are subject to the "three-strikes" rule of 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(a)(2), (g).

The three-strikes rule provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). In the absence of imminent physical danger, this statutory provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal quotation marks omitted); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015).

## III. Plaintiff's Prior Occasions

In June 2016, this Court in a separate case found that Plaintiff Ezekiel Davis previously had incurred three prior-occasion "strikes." *See Davis v. GEO Grp. Corr. Inc.*,

No. CIV-16-462-HE, 2016 WL 3128746, at *3-5, *3 n.3 (W.D. Okla. May 24, 2016) (R. & R) (first citing *Davis v. Moles*, No. 4:02-cv-110-trb-PJC (N.D. Okla.); then citing *Davis v. Jones*, No. CIV-04-819-HE (W.D. Okla.); and then citing *Davis v. Ward*, No. CIV-05-588-HE (W.D. Okla.)), *adopted*, 2016 WL 3129304 (W.D. Okla. June 2, 2016); Compl. at 1. The Court additionally found that Plaintiff had "failed to make the 'specific, credible allegations of imminent danger of serious physical harm' required to come within the exception to the prepayment requirement in § 1915(g)." *Davis v. GEO Grp. Corr. Inc.*, 2016 WL 3129304, at *1 (quoting *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011)). The Court therefore denied Plaintiff leave to proceed *in forma pauperis* in that case. *See id.*

IV. *Application of 28 U.S.C. § 1915(g)*

Upon review of the materials before the Court, the undersigned sees no reason to depart from the express finding in *Davis v. GEO Group Corrections Inc.* that Plaintiff has acquired three strikes for the purpose of 28 U.S.C. § 1915(g). Because Plaintiff acquired at least those three strikes prior to filing this lawsuit on December 2, 2016, Plaintiff is not entitled to proceed *in forma pauperis* absent a showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Davis v. GEO Grp. Corr. Inc.*, 2016 WL 3129304, at *1; *Smith*, 636 F.3d at 1309.

Plaintiff concedes his previous acquisition of these strikes but alleges that he is entitled to proceed *in forma pauperis* on account of the "imminent-danger" statutory exception. *See* Compl. at 24-25, 26; *see also* Doc. No. 9. In support, Plaintiff alleges that he is "in imminent danger of suffering harm" because prison and ODOC officials seek to

3

retaliate against him for reporting the October 2016 sexual assault and those in supervisory positions are maintaining "a code of silence." Compl. at 24-25. Plaintiff recites that he has been issued a false misconduct, has had privileged mail improperly opened and read, and is in segregated housing "for no reason." *Id.* Plaintiff additionally alleges that he is imminent danger due to a recent diagnosis of degenerative disc disease. *See* Pl.'s Mot. to Amend Compl. (Doc. No. 11) at 2-3, 5.

Plaintiff's statements do not comprise a specific and credible allegation that he is in *imminent* danger of serious physical injury. There is no allegation or reasonable inference therefrom that Plaintiff is subject to contact with the female LCF employee whose alleged conduct is being investigated by ODOC. Nor is there any specific assertion that another use of force such as that involved when an officer placed handcuffs upon Plaintiff on one occasion two months ago is "imminent." *See* Compl. at 2, 5-25. Although Plaintiff vaguely complains of "back pain" and a failure to see the specialist he requested, Plaintiff specifically alleges that he was seen by a medical doctor in November 2016 for this condition and additionally negates any urgency by stating that he will seek legal relief on this "medical issue" "at a later date," in a separate lawsuit. *See* Pl.'s Mot. to Amend Compl. at 2-3, 5. Further, Plaintiff speculates that his "life is in danger," but Plaintiff's allegations of retaliatory disciplinary write-ups and opening of his mail do not show "conditions that place him in imminent danger of serious physical injury." *Smith*, 636 F.3d at 1315; *see* Pl.'s Mot. Inj. (Doc. No. 3) at 1-10; Pl.'s Decl. (Doc. No. 4) at 3; *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison

condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." (internal quotation marks omitted)).

Plaintiff thus has not shown that he is entitled to proceed *in forma pauperis* while prosecuting this lawsuit.

## RECOMMENDATION

Based upon the foregoing findings, the undersigned recommends that the District Judge:

(i) deny Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2);

(ii) order Plaintiff to pay the $400.00 filing fee owed within twenty-one days of adoption of this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR 3.3(e); and

(iii) dismiss this action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within twenty-one (21) days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 15, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of January, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE