## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                          )
                                        )
                    Plaintiff,          )
v.                                      )          NO.  CIV-16-1375-HE
                                        )
AMBER MARTIN, et al.,                   )
                                        )
                    Defendants.         )

## ORDER

Plaintiff Ezekiel Davis, a state prisoner appearing *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights.  The matter was referred for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B) & (C), to U.S. Magistrate Judge Charles B. Goodwin, who has recommended that plaintiff's application to proceed *in forma pauperis* be denied.  The Report and Recommendation ("Report") indicates that plaintiff has three or more "strikes" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (the "PLRA"), such that *in forma pauperis* status should only be granted if plaintiff makes specific credible allegations that he is under imminent danger of serious physical injury.

Plaintiff has filed an objection to the Report, and does not dispute that he has three strikes under the PLRA.  Instead, plaintiff alleges that he is under imminent danger of serious physical harm.  He contends that he is being denied a referral to a specialist physician to treat his diagnosed degenerative disc disease, and that he has been administered an anti-psychotic drug which causes him to wake from sleeping with a "hung-

over feeling." Plaintiff also asserts that various correctional facility staff members continue to retaliate against him by issuing disciplinary sanctions without cause and reading his legal mail.

The court concludes that these allegations are not sufficient to constitute a threat of "imminent danger of serious physical injury" under the PLRA. As noted in the Report, plaintiff's spinal condition was addressed by a medical doctor and there is no allegation that the denial of specialist referral will lead to serious physical injury. *See* <u>Davis v. GEO Grp. Corrections, Inc.</u>, No. CIV-16-0462-HE (W.D. Okla. Feb. 15, 2017) (denying *pauperis* status to this plaintiff on the same basis). The side effects of plaintiff's medication also do not rise to the level of serious physical injury. The remainder of plaintiff's arguments are also addressed in the Report and properly rejected.

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED**. Plaintiff's application to proceed *in forma pauperis* [Doc. #2] is **DENIED**. Plaintiff shall pay the $400 filing fee in this case within **twenty-one days** of this order, or this case will be dismissed without prejudice to refiling.

**IT IS SO ORDERED**.

Dated this 6th day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE